IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 7 2019

| | |
|---|---|
| ADRIAN MONTER, JOHNNY RIVAS, and IVAN ARCOS, *on behalf of themselves, FLSA Collective Plaintiffs and the Class,*<br><br>Plaintiffs,<br><br>v.<br><br>AP & SS RESTAURANT GROUP LLC d/b/a SEA FIRE GRILL, ALBAN PRELVUKAJ a/k/a BEN PRELVUKAJ, SHABAN SINANAJ, a/k/a BEN SINANAJ, and ABNESHE SINANAJ,<br><br>Defendants. | No. 18-cv-01859 |

**[PROPOSED] ORDER AND JUDGMENT GRANTING (1) PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVE SERVICE AWARDS; (3) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

The Parties entered into a claims made settlement with a Gross Settlement Fund of $960,000 on November 6, 2018 as set forth in a Settlement and Release Agreement (hereinafter "Settlement" or "Agreement") that was filed with the Court for preliminary approval of the settlement on March 22, 2019. Decl. of C.K. Lee in Supp. of Pl.'s Mot. for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Lee Decl.") ¶ 16.

On March 27, 2019, this Court entered an Order preliminarily approving the Settlement on behalf of the class set forth therein (the "Class" or the "Class Members"), conditionally

1

certifying the settlement class, appointing Lee Litigation Group, PLLC as Class Counsel, appointing Arden Claims Service LLC as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order"). Docket No. 79.

On September 19, 2019, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"). That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Awards ("Motion for Service Awards"). The motions were unopposed for purposes of settlement only and Defendants did not object to the requests for attorneys' fees, costs, or service payments for purposes of settlement only.

The Court held a fairness hearing on September 26, 2019. No Class Member objected to the settlement at the hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees and Reimbursement of Expenses, the Motion for Service Award, and the supporting declarations, the oral argument presented at the September 26, 2019 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the September 26, 2019 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Court grants final approval of the settlement memorialized in the Agreement and "So Orders" all of its terms, including but not limited to all release language, which are incorporated herein. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters

relating thereto, and over all Parties.

3. The numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met warranting class certification for purposes of effectuating settlement. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification. The Class for which final certification is hereby made is defined as all individuals employed by any of the Defendants as non-exempt employees and/or floor managers at Sea Fire Grill during the period of March 1, 2012 to March 27, 2019 (the date of preliminary approval).

4. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA. The collective class certified herein is defined as all current and former employees of Defendants as non-exempt employees and/or floor managers at Sea Fire Grill during the period of March 1, 2015 to March 27, 2019 (the date of preliminary approval).

5. The Court confirms as final the appointment of Plaintiffs Adrian Monter, Johnny Rivas, and Ivan Arcos as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

6. The Court likewise confirms as final the appointment of C.K. Lee and Anne Seelig of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

7. The Court finds that the Notice given to Class Members pursuant to the

Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

8.  Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval to the Agreement and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.

9.  The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

10. The settlement is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the total Gross Settlement Fund is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

11.     The Court also finds that the Class' reaction to the settlement was positive. No Class Member objected to the settlement, and only two (2) Class Members opted out.

12.     The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement.

13.     The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $320,000.00, which is one-third of the Gross Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable. The attorneys' fees shall be paid from the Gross Settlement Fund.

14.     The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $7,525.13, which expenses the Court finds were necessarily and reasonably incurred by Class Counsel in prosecuting the Litigation. The amount in reimbursement of litigation costs and expenses shall be paid from the Gross Settlement Fund.

15.     The Court approves and finds reasonable the service awards for Named Plaintiffs Adrian Monter, Johnny Rivas, and Ivan Arcos in the amount of $5,000 each, in recognition of the services they rendered on behalf of the class. These service awards shall be paid from the Gross Settlement Fund.

16. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $40,000 from the Gross Settlement Fund.

17. The Court hereby fully and finally dismisses this matter and Litigation in its entirety and with prejudice. Neither party to this Litigation is or shall be considered a prevailing party.

18. The Parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Defendants.

19. This document shall constitute a Judgment for the purposes of Rule 58 of the Federal Rules of Civil Procedure.

20. The Court retains jurisdiction over this action for the purpose of enforcing the Agreement and overseeing the distribution of settlement funds. The Parties shall abide by all terms of the Agreement, which are incorporated herein, and this Order.

It is so ORDERED this ___ day of SEP 2 7 2019 , 2019.

_George B. Daniels_
The Honorable George B. Daniels
United States District Judge

4831-3889-7062, v. 1